IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SCOGNAMILLO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CREDIT SUISSE FIRST BOSTON LLC, et al.,<br><br>    Defendants. | NO. C03-2061 TEH<br><br><u>ORDER DENYING PLAINTIFFS'<br>MOTION FOR LEAVE TO FILE<br>MOTION FOR RECONSIDERATION<br>AND ORDER GRANTING MOTION<br>FOR ENTRY OF FINAL JUDGMENT<br>AS TO DEFENDANTS SHELL AND<br>LONGINOTTI</u> |

On August 25, 2005, this Court dismissed with prejudice all claims against Defendants John F. Longinotti, West Shell III, and Frank Quattrone. Defendants Longinotti and Shell have now moved for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b), which provides that a court "may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In opposition, Plaintiffs seek leave to file a motion for reconsideration but state that, should the Court deny such leave, Plaintiffs do not oppose granting entry of judgment as to Defendants Shell and Longinotti. After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and hereby cancels the hearing scheduled for November 7, 2005. With good cause appearing for the reasons discussed below, the Court now DENIES Plaintiffs' motion for leave to file a motion for reconsideration and GRANTS Defendants Shell and Longinotti's motion for entry of judgment as to the claims asserted against them.

**Plaintiffs' Motion for Leave to File Motion for Reconsideration**

Plaintiffs seek leave to file a motion for reconsideration of the Court's order granting the motions to dismiss brought by Defendants Shell and Longinotti. In particular, Plaintiffs seek leave to amend the complaint to state claims against Shell and Longinotti under the California Corporations Code. Plaintiffs bring their request under Civil Local Rule 7-9(b)(3). Proposed Mot. for Reconsid. at 1. That rule requires the party seeking leave to file a motion for reconsideration of an interlocutory order to "specifically show: . . . (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

The Court finds no merit to Plaintiffs' contention that they have satisfied the requirements of Rule 7-9(b)(3). Rather than identifying material facts or dispositive legal arguments presented to the Court prior to the Court's ruling on Defendants' motions to dismiss, Plaintiffs seek to introduce new arguments – arguments that could and should have been raised in Plaintiffs' brief opposing Defendants' motions to dismiss or, at the very least, at the hearing on Defendants' motions. Indeed, Plaintiffs concede in their proposed motion for reconsideration that they "failed to cite" and "should have cited" certain code sections in response to Defendants' arguments. Proposed Mot. for Recons. at 4-5. As the Court noted when it dismissed Plaintiffs' claims against Shell and Longinotti under section 25403 of the California Corporations Code:

> Shell and Longinotti argue that Plaintiffs' section 25403 claim must fail because this code section does not provide for a private right of action. . . . Plaintiffs completely failed to respond to Defendants' argument; instead, Plaintiffs only responded to the argument raised in the CSFB Defendants' motion to dismiss. The Court construes Plaintiffs' failure to respond, either in their papers or at oral argument, as a concession, and the Court therefore GRANTS the motion to dismiss this claim against Shell and Longinotti with prejudice.

Aug. 25, 2005 Order at 14. Granting leave to file a motion for reconsideration is not warranted when a party has had ample opportunity to respond to an opposing party's arguments and simply failed to do so. Accordingly, with good cause appearing, Plaintiffs' motion for leave to file a motion for reconsideration is hereby DENIED.

**Motion for Entry of Judgment as to Defendants Shell and Longinotti**

Because the Court has denied Plaintiffs' request to file a motion for reconsideration of the Court's order dismissing all claims against Defendants Shell and Longinotti, Plaintiffs have no opposition to Defendants' motion for entry of judgment. For the reasons set forth in Defendants' moving papers, the Court agrees with the parties that there is no just reason for delay in entry of judgment as to Defendants Shell and Longinotti. Accordingly, Defendants' motion is GRANTED, and the Court directs entry of final judgment as to Defendants Shell and Longinotti pursuant to Federal Rule of Civil Procedure 54(b). Defendants Shell and Longinotti shall submit a proposed judgment, approved as to form by Plaintiffs, within one week of the date of this order.

**IT IS SO ORDERED.**

DATED   10/26/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT