IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK SCOGNAMILLO, et al.,

Plaintiffs,

v.

CREDIT SUISSE FIRST BOSTON, LLC f/k/a CREDIT SUISSE FIRST BOSTON CORPORATION, et al.,

Defendants.

NO. C03-2061 TEH

ORDER APPOINTING SPECIAL MASTER FOR DISCOVERY

On February 25, 2008, this Court held a Case Management Conference in which the parties described several disputes unfolding as the current discovery cutoff looms. Even though discovery has been underway in this case since approximately December, 2005, the parties still have disagreements, on topics ranging from the extent of the attorney-client privilege to the degree to which discovery will touch on government investigations of other entities, that affect both parties' production of documents, the 30(b)(6) deposition of Credit Suisse that began on October 30, 2007, and several requests for admission propounded by Plaintiffs. The parties insist that these are not routine discovery disputes, but will involve fact-specific analysis in a complex and document-heavy case.

The Court will not burden a Magistrate Judge with these extensive disputes. As another judge in this district explained long ago:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a

> virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A discovery master is necessary to avoid wasting judicial resources and preventing a timely resolution of this case.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1. Edward Swanson, Esq., of Swanson, McNamara, & Haller, LLP, is appointed as Special Master to supervise and preside over all remaining discovery in this case.

   a. If necessary, the Special Master may attend all or portions of any remaining depositions, rule on all objections made by counsel during the depositions, rule on any instructions by counsel for the deponent not to answer a question, and order the deponent to respond to questions.

   b. The Special Master shall immediately notify this Court if, during a deposition in which he is in attendance, any counsel fails to comply or cooperate fully with any of the Special Master's rulings.

2. The Special Master shall have discretion to hear discovery matters on shortened time, and shall also have authority to recommend to the Court new discovery deadlines and/or to recommend that case management conferences be rescheduled, as appropriate.

3. Federal Rule of Civil Procedure 53 shall apply to proceedings before the Special Master, except that the parties shall have 10 days to Object or Move to Adopt or Modify an order, report, or recommendation by the Special Master, rather than the 20 days set out in Rule 53(f)(2).

4. The Special Master's hourly fee shall be $450.00. The presumption shall be that the Special Master's fees will be split evenly between the parties; the Special Master shall, however, have discretion to allocate and assess the payment of his fees among the parties as he believes appropriate, for each issue that arises. The parties shall pay the Special Master's

fees within ten calendar days of assessment, unless otherwise excused by the Special Master or this Court.

    5. At his earliest convenience, the Special Master shall contact the parties to discuss the execution of his duties in connection with this order.

**IT IS SO ORDERED.**

Dated: 3/3/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT